**Ronald E. HOFFMAN, M.D., Appellant,**

v.

**STATE BOARD OF REGISTRATION FOR THE HEALING ARTS, Respondent.**

No. 70553.

Missouri Court of Appeals, Eastern District, Division Five.

Dec. 10, 1996.

Todd I. Muchnick, Richard B. Hein, Kodner, Watkins, Muchnick & Dunne, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen R. Martin, II, Michael A. Zito, Asst. Attys. Gen., Jefferson City, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

The appellant, Dr. Ronald E. Hoffman, is an orthopedic surgeon duly licensed by the State Board of Registration for the Healing Arts. A complaint against him in two counts was filed before the Board on account of an incident which took place on October 2, 1990 in the operating room at St. John's Mercy Medical Center in St. Louis County. In accordance with the governing statutes, the matter was referred to the Administrative Hearing Commission for factual determination and legal analysis. The Commission sustained a motion for summary determination of Count II, which related to Dr. Hoffman's having been disciplined by the hospital in the form of a reprimand. An evidentiary hearing was held on Count I. The Commissioner, The Hon. Paul Otto, found that the evidence supported the charges and that Dr. Hoffman was guilty of "unethical and unprofessional conduct" in violation of § 334.100.2(4), RSMo 1994. The matter then reverted to the Board, which directed that Dr. Hoffman be suspended from practice for one Sunday and reprimanded. Dr. Hoffman appealed to the circuit court, which sustained the order of the Board. He then took this appeal. We review the record before the Board, including the proceedings before the Administrative Hearing Commission. We conclude that the decision is supported by substantial evidence on the record as a whole, and affirm.

The evidence showed that on the afternoon of October 2, 1990, Dr. Hoffman was scheduled to perform surgery on a patient who had sustained a hip fracture. The patient was anesthetized, and some problems with the operating room equipment appeared. X-rays were to be used during the procedure and the members of the surgical team were required to wear lead aprons. Dr. Hoffman deemed his apron unsuitable and asked nurse Sheila Boulware to give him hers. She declined to do so and, according to her testimony, "he took both of his hands on my shoulders and shoved me, forcing my body backwards, and I did lose my balance."

The Commissioner found this testimony generally credible, finding that "Hoffman poked Boulware's shoulders with the fingers of his hand, causing her to step backwards." He also observed that two witnesses more closely corroborated Nurse Boulware than they did Dr. Hoffman in his denials.

After this incident, the supervisory nurse provided an apron for Dr. Hoffman, and the surgery proceeded without further incident. Nurse Boulware filed a complaint with the hospital.

The Commissioner concluded that "[p]hysicians' and surgeons' professional standards require them to refrain from poking or pushing nurses." He also concluded that "Hoffman committed unethical or unprofessional conduct. He is subject to discipline."

■ In his first point, Dr. Hoffman argues that the conclusion that "physicians' and surgeons' professional standards require them to refrain from poking or pushing nurses" is unsupported by evidence and law. We reject the point out of hand. The incident took place in the operating room while the anesthetized patient was awaiting surgery. The potential for interference with the procedure and for harm to the patient is patent. An unconsented touching, occasioned by pique or temper, is highly unprofessional by any standard.

■ Likewise capable of simple disposition is the assertion that the facts found by the Commissioner "did not involve the diagnosis and treatment of the sick," and therefore was not within the compass of § 334.100.2. Both Dr. Hoffman and Nurse Boulware were in the course of their professional duties in the operating room, and in the presence of a patient who needed immediate attention. Nothing more need be said.

■ Dr. Hoffman invites us to substitute our factual judgment for that of the Commissioner. He argues that no other witness testified as Nurse Boulware did. The court

has more freedom to examine the whole record in an administrative proceeding than would be the case in an appeal from a jury verdict or a bench trial, but we defer to the Commissioner's opportunity to observe the witness. He observed that two witnesses more closely corroborated Nurse Boulware than Dr. Hoffman. Both witnesses, Coffer and Brown, observed contact between Dr. Hoffman and Nurse Boulware. Witness Dylewski did not see contact, but she did see Nurse Boulware "backing up," and it might appear from her testimony that her attention was not attracted until she heard loud talking. Thus she might not have been looking when the contact occurred. The whole record amply supports the finding that Dr. Hoffman touched Nurse Boulware after the two had argued. The courts are not in the business of retrying the facts in proceedings such as this one.

■ Dr. Hoffman's fourth point complains about Count II, in which discipline was administered on account of a reprimand issued to Dr. Hoffman by the hospital pursuant to § 334.100.2(4)(g), RSMo 1994. The Commission entered a summary judgment on this count, apparently concluding that the statute authorized the Board to take disciplinary action simply because the hospital has done so. Questions might be raised about the hospital's procedures, its compliance with due process, and the scope of review by appellate courts. We need not resolve these questions in the context of this case, however, because the material facts before the hospital authorities were essentially the same as those relied on by the Commissioner and the Board under Count I. Count I is adequate to support the relatively mild disciplinary action. It is also sufficient under the governing statute to pronounce Dr. Hoffman's conduct "unprofessional," and there is no need to add the additional sobriquet of "unethical."

The judgment is affirmed.

AHRENS, C.J., and CRANDALL, J., concur.